IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,582-01






EX PARTE ELBERT LEE DOOLITTLE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR00827-HC IN THE 6TH JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to life imprisonment. The Sixth Court of Appeals affirmed his
conviction. Doolittle v. State, No. 06-07-00069-CR (Tex. App. - Texarkana, June 5, 2008, pet.
ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel asked questions during cross-examination of a State's witness which opened the door to
prejudicial extraneous offense evidence. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel by submitting an affidavit or by
giving live testimony stating why counsel questioned Deputy Garrett about her prior contacts with
Applicant, and whether counsel anticipated that such questions might open the door to further
testimony and evidence regarding an extraneous offense. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel had a reasonable trial
strategy in asking Deputy Garrett about her prior contact with Applicant on September 9, 2005, and
whether counsel anticipated that such questions could open the door to extraneous offense evidence. 
The trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 24, 2010

Do not publish